UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Application of<br><br>MEDICAL CORPORATION H&S,<br><br>Applicant. | Case No. 19-mc-80058-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Medical Corporation H&S ("MCHS") has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. Nos. 1-3, 6.

The Court grants in part and denies in part the application as discussed below.

## I. BACKGROUND

According the application, MCHS operates a dental clinic in Nagoya, Japan. Between November 2018 and February 2019 several one-star reviews were posted on the Google Map review page associated with the dental clinic without comments. MCHS says it intends to assert claims for defamation and unlawful business interference in Japan against the person or persons who control the accounts that posted the reviews once MCHS ascertains their identities. Dkt. No. 1 at 2. MCHS seeks discovery of the account-holders' identities by subpoena to Google.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-

47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court considers several factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the discovery requested is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

*of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

MCHS's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. Second, MCHS requests this discovery for use in a civil action for defamation and unlawful business interference that it intends to file in Japan, as soon as it learns the identities of the Google account-holders' responsible for the one-star review postings. This proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, MCHS, as the putative plaintiff in the contemplated civil action is an interested person within the meaning of the statute.

### B. *Intel* Factors

Even if the Court has the authority to grant MCHS's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the

3

foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action MCHS plans to bring in Japan, and the documents MCHS seeks by subpoena are located in the United States. Dkt. No. 1 at 4. MCHS contends that such evidence is outside the reach of a Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of discovery.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, MCHS represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States. *See* Dkt. No. 1 at 5. In the absence of evidence

4

1    that Japanese courts would object to MCHS's discovery of the information sought in the
2    subpoena, or that they object more generally to the judicial assistance of U.S. federal courts, the
3    Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3.     Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether MCHS's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568 at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, 2014 WL 7146994 at *3; *see also In re Eurasian Natural Resources Corp. Ltd.*, 2018 WL 1557167 at *3 (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Mr. Nakazawa, an attorney for MCHS who is licensed to practice in Japan, asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence MCHS seeks here. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account-holders, the Court concludes that this factor also weighs in favor of discovery.

### 4.     Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

MCHS's proposed subpoena to Google includes four requests for documents that contain information identifying the account-holders for five Google accounts and that show the entire login histories for each of those accounts. The subpoena does not seek the content of any communications associated with the accounts at issue. *See*, *e.g., Optiver Australia Pty. Ltd. v.*

*Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 *et seq.*).

The discovery MCHS seeks generally appears tailored to information that will permit MCHS to identify the account-holders at issue, and it does not appear to be unduly intrusive or burdensome. There are two requests that raise some concerns. First, MCHS does not explain why it requires the login history for each of the accounts from the date each was created to the present, rather than information specific to time frame in which the accounts posted the one-star reviews (or most recent access log information if earlier information is unavailable). *See* Dkt. No. 6-1 (Request No. 1). However, without more information, the Court is not able to assess whether such a request is unduly intrusive or burdensome and will permit MCHS to serve a subpoena for these documents, subject to a motion to quash or modify the subpoena.

Second, MCHS does not explain why it requires "information regarding [the] credit card registered on each Google Account (except for the number of the credit card)" in order to ascertain the identities of the account-holders. *See id.* (Request No. 4). MCHS may seek the name and address of the person or entity to be billed for each account in order to ascertain the identities of the account-holders, but it may not obtain any other credit card information. With this modification, MCHS may serve the subpoena on Google.

**IV. CONCLUSION**

MCHS's application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena as modified in accordance with the Court's instructions above.

Accordingly, the Court authorizes service of a modified subpoena on Google. However, this order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account-holders whose account information is sought. If Google or other interested person objects to any portion of the discovery sought in the modified subpoena, compliance with the disputed portion is not required until resolution of the dispute. Disputes requiring resolution must be brought in compliance with the Court's Standing Order for

Civil Cases.[1]

**IT IS SO ORDERED.**

Dated: March 15, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] https://cand.uscourts.gov/filelibrary/3438/Standing-Order-for-Civil-Cases-January-2019.pdf